```
SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
155 N. Redwood Drive, Suite 100
San Rafael, CA  94903
Telephone:  (415) 491-8900
Facsimile:  (415) 491-8910
N.100-267S-A
```

Attorneys for CIRCLE BANK, successor in interest to UMPQUA BANK

UNITED STATES BANKRUPTCY COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>BENJAMIN S. CATLIN, IV AND GAIL CATLIN,<br><br>        Debtors. | Bk. No. 09-43616 - CMK<br><br>Motion No. SPS-001<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY AND TO ANNUL THE AUTOMATIC STAY**<br><br>Motion For Relief From Automatic Stay and To Annul The Automatic Stay -<br>Date:  March 17, 2010<br>Time:  10:00 a.m.<br>Place:  Bankruptcy Court<br>        501 I Street, Courtroom #35<br>        Sacramento, CA 95814-7300 |

      CIRCLE BANK, successor in interest to UMPQUA BANK ("Original Payee") and ("Umpqua Bank") its assignees and/or successors ("Lender" or "Movant"), moves the Court for relief from the Automatic Stay provided by 11 U.S.C. Section 362.  This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. Section 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim).  Lender seeks annulment of the Automatic Stay retroactive to the date of filing so as to validate its Notice of Default, concerning the real property located at 999 Grant Avenue, Novato CA, 94945, (the "Property"), recorded on

or about October 20, 2009 and all actions taken to affect the Notice of Default, including but not limited to the mailings sent on October 27, 2009, and November 18, 2009 so that moving party (and its Trustee) may take all steps necessary under State or Federal law to commence or complete its foreclosure under the Deed of Trust and thereafter take possession of the subject property. In addition, Lender seeks annulment of the Automatic Stay retroactive to the date of filing so as to validate all actions to affect the Notice of Trustees' Sale, recorded on January 19, 2010, including but not limited to the mailings, postings, and/or publication of the Notice of Trustee's Sale which occurred on January 19, 2010, January 21, 2010, January 28, 2010 and February 4, 2010. Movant further seeks relief from stay to take all steps necessary to obtain possession of the subject property and to thereafter market and sell the Property. Lender seeks such relief pursuant to California Civil Code section 2924(h)(c). See In re Garner, 208 B.R. 698 (Bk. N.D. Cal 1997). In the alternative, if the Court will not validate the mailings related to the Notice of Default and the mailings, postings, and/or publication of the Notice of Trustee's Sale, Movant seeks relief from the Automatic Stay to take all action necessary under State law to commence and complete its foreclosure sale of the Property and to thereafter take possession of the Property.

Whether to grant retroactive annulment of the stay is a decision left to the discretion of the Court, National Environmental Waste Corp, 129 F.3d 1052,1054 (9th Cir 1997). The Court will look to whether (1) the creditor was aware of the bankruptcy filing and whether (2) the Debtors engaged in inequitable or unreasonable conduct or whether prejudice would result to Creditor (id. at 1055 – 1056). Here in accordance with the Declaration of PATRICK MCCARTY, Movant was completely unaware of the bankruptcy at the time it published Notice of Trustee's Sale. Movant's predecessor may have taken such actions because it was not aware that Debtors claimed a stock ownership interest in Catlin Fuller II, LLC, the entity that owned the Property, and therefore the filing of a bankruptcy did not trigger the automatic stay in respect to the Property. In any event, it is unclear if the Debtors claim an interest in the Property, as the value given to the asset is $0.00. Finally, if the Debtors do not assert an interest in the Property and Entitlements and Permits related to the development of the Property, there is a hearing

before the City of Novato, State of California, on March 22, 2010, which may determine if Lender can maintain and continue with the Entitlements and Permits. Accordingly, and in the absence of any interest by the Debtors or the Estate, Lender should be allowed to take all actions to protect its interest in the Property and Entitlements and Permits.

In addition, and if applicable, Lender will seek an order waiving the requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3), and California Civil Code § 2924g(d), so that any foreclosure sale may be held without the applicable waiting period specified therein.

In addition, Movant seeks relief from the automatic stay to take any steps applicable to negotiate the transfer of entitlements (plans, drawing specifications, permits, hereinafter ("Entitlements and Permits") from Catlin Fuller II, LLC, which are related to the development of the Property.

This motion is brought pursuant to 11 U.S.C. Section 362(d)(1) for "cause" and due to the following:

1. Debtor does not own the Property. The Property is owned by Catlin Fuller II, LLC. Debtors assert a 76.5% interest in Catlin Fuller II, LLC (See Debtors' Schedule B). Accordingly, the automatic stay may affect Movant's right to foreclose on the Property, or otherwise proceed to negotiate and finalize issues related to Entitlements and Permits related to the Property. Movant does not believe that there is any value to the Property or the Entitlements and Permits, which could benefit the Debtor or the estate as the Property is over encumbered and it does not appear that Catlin Fuller II, LLC will proceed with development of the Property. Debtors have listed the value of their interest in Catlin Fuller II, LLC at $0.00 (See Debtors' Schedule B). Accordingly, Movant asserts that the interest of the Debtors in Catlin Fuller II, LLC should not be deemed to create an interest of the estate in the Property or the Entitlements or Permits and therefore that they are not Property of the estate as described by 11 USC § 541, or that alternatively, there is no benefit or equity of the estate in the Property, providing a separate basis from relief from stay and annulment of the stay.

2. The failure of Catlin Fuller II, LLC to make required payments as set forth in the attached Declaration of PAT MCCARTY. The failure to make required payments provides "cause" for relief from the Automatic Stay.

3. Lender's loan fully matured on August 26, 2009.

In addition, Movant seeks relief pursuant to 11 U.S.C. Section 362(d)(2) and alleges that in accordance with the information set forth in the attached Declaration of PATRICK MCCARTY, and the Declaration of RYAN C. WARD, and due to the failure to make required payments, that Debtors do not need the Property or Entitlements or Permits for a reorganization, and that there is insufficient equity present in the subject real property or the Entitlements or Permits to justify the continuance of the Automatic Stay. The value of the Property is approximately $2,300,000.00, pursuant to the appraisal on the Property conducted on September 11, 2009, attached to the Declaration of RYAN C. WARD as Exhibit "B." There are liens on the Property currently totaling $2,669,833.56. It is clear that there is no equity in the Property. In addition, the Property must be essential for an effective reorganization that is in prospect (*See* United Sav. Asso. v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 376 (U.S. 1988). The Debtors have failed to file a Plan or make payments on the obligation and the Property and the Entitlements and Permits are not necessary for an effective reorganization as Debtors do not appear to have any interest in developing the Property.

In addition, Lender requests an order granting relief to finalize an agreement with Catlin Fuller II, LLC. to transfer the entitlement relating to the completion of the project on the property and release of the indebtedness.

In addition, and in the event that the Court fails to annul the stay or terminate the stay, and instead continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. Sections 361 and 362, including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments and that Movant be allowed to take such steps as are necessary to allow the continuation of any entitlements or may be required by the City of Novato, State of California, at a hearing scheduled on March 22, 2010.

| | |
|---|---|
| 1 | Furthermore, Movant will also seek attorneys' fees and costs incurred in bringing |
| 2 | the Motion. Movant requests such fees pursuant to the Note and Deed of Trust securing |
| 3 | Movant's claim or pursuant to 11 U.S.C. Section 506(b). |
| 4 | In addition, Movant requests such further relief as is just. |
| 5 | This Motion shall be based on these moving papers, the Relief from Stay |
| 6 | Information Sheet, the attached Declaration of PAT MCCARTY, the attached Declaration of |
| 7 | RYAN C. WARD, and the pleadings and records on file with this Court. |
| 8 | In the event neither the Debtors nor Debtors' counsel or any interested party |
| 9 | appears at a hearing on this Motion, the Court may grant annulment of the Automatic Stay |
| 10 | retroactive to the date of filing to validate all foreclosure actions taken by Movant since the |
| 11 | inception of the bankruptcy and/or may grant relief from the Automatic Stay permitting moving |
| 12 | party to foreclose on the Debtors' real Property located at **999 Grant Avenue, Novato CA,** |
| 13 | **94945**, which is legally described in the Deed of Trust attached to the Declaration of PAT |
| 14 | MCCARTY as Exhibit "G", under all defaults, including any pre-petition defaults, and thereafter |
| 15 | obtain possession of such Property without further hearing and to allow Movant to continue and |
| 16 | finalize its right to any entitlements related to the Property or may enter an order conditioning |
| 17 | the continuance of automatic stay. In addition granting the motion will allow Lender to seek and |
| 18 | obtain transfer of the Entitlements and Permits from Catlin Fuller II, LLC. **[No party in interest** |
| 19 | **shall be required to file written opposition to the Motion. Opposition, if any, shall be** |
| 20 | **presented at the hearing on the motion. If opposition is presented, or if there is other good** |
| 21 | **cause, the Court may continue the hearing to permit the filing of evidence and briefs.]** |
| 22 | |
| 23 | WHEREFORE, Movant prays for judgment as follows: |
| 24 | 1. For an order granting relief from the Automatic Stay, permitting Movant to take all |
| 25 | steps necessary under State or Federal law to commence or complete its foreclosure |
| 26 | under the Deed of Trust and thereafter take possession of the Property. |
| 27 | |
| 28 | |

2. For and order granting relief to finalize an agreement with Catlin Fuller II, LLC. to transfer the Entitlements and Permits relating to the completion of the project on the Property.

3. Annulment of the Automatic Stay retroactive to the date of filing so as to validate its Notice of Default recorded on or about October 20, 2009 and all actions taken to affect the Notice of Default, including but not limited to the mailings sent on October 27, 2009, and November 18, 2009.

4. Annulment of the Automatic Stay retroactive to the date of filing so as to validate all actions take to affect the Notice of Trustees' Sale, recorded on January 19, 2010, including but not limited to the mailings, postings, and/or publication of the Notice of Trustee's Sale which occurred on January 19, 2010, January 21, 2010, January 28, 2010 and February 4, 2010.

5. For an order regarding adequate protection of Movant's interest as this Court deems proper.

6. For attorneys' fees and costs for suit incurred herein.

7. For an order waiving the 14-day stay described in Bankruptcy Rule 4001(a)(3).

8. For such relief as this Court deems appropriate.

SCHEER LAW GROUP, LLP

DATED: February 24, 2010    /s/ SPENCER P. SCHEER
                            #107750